No. 12,090.

STEVENS *v.* REALTY LOAN AND FINANCE COMPANY.

Decided June 3, 1929.

Mr. GEORGE H. LERG, Mr. GEORGE A. CHASE, for plaintiff in error.

Mr. PERRY D. ROSE, for defendant in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE only question presented by the record is whether or not the trial court erred in appointing a receiver to

take charge of, and rent mortgaged property, and deposit the rents in the registry of the court, to be paid out as ordered by the court.

■ 1. A deed, absolute in form, was given by H. P. Stevens to Realty Loan & Finace Company to secure the payment of a debt. The parties agree that, in effect, the deed was a mortgage. Suit was brought to foreclose it as such. The company applied for the appointment of a receiver. The deed purported to convey the property (certain lots in Denver), together with the "rents, issues and profits thereof." As the deed was given as security, this amounted to a pledge of the rents, issues and profits as additional security. The court found that the property was "insufficient in value to discharge the incumbrances against it," that the defendant Stevens, the only person personally liable to pay the indebtedness, "is insolvent," and "has no property out of which a personal judgment against him can be satisfied." Without going into details, we will say that the evidence was in conflict, and as there was evidence sufficient to sustain the findings of the court and to justify the appointment of a receiver, we cannot interfere with the findings.

2. Counsel for Stevens contend, however, that in proceeding to hear the application, the court disregarded certain well-established rules of procedure, and thereby committed reversible error.

■ The verified complaint contained the application for the appointment of a receiver. Stevens filed a motion to strike certain matters from the complaint, and also a motion to make the complaint more specific in certain particulars. Upon notice to Stevens, these two motions, and also the application for the appointment of a receiver, were duly set for hearing. The court denied the motion to strike, and sustained the motion to make the complaint more specific in certain particulars. In connection with the allegation that Stevens is insolvent, the complaint alleged that there is an unsatisfied judgment against Stevens; that the "holder" is unable to

collect it; that Stevens is indebted to various parties in considerable sums of money which they are unable to collect and which the plaintiff believes Stevens is unable to pay. The motion was to require many more details to be set out in the complaint. The court ordered an amendment stating the name of the judgment creditor, the amount of the judgment, and the name of the present "holder" thereof, and thereupon told the parties to proceed with the hearing. Stevens objected to proceeding with the hearing until the complaint was amended in these particulars. The court overruled his objection and heard the application. In the circumstances, this was not error. The complaint already pleaded more details than it was necessary, or even proper, to plead. The fact that additional evidence was not inserted by amendment did not prejudice any substantial right of Stevens. He did not suggest in the trial court that he desired to file an answer to the application; indeed, he did not even intimate that he had any answer to make. It is clear that he had no affirmative defense, and, as the company assumed the burden of proving all of its material allegations, Stevens stood in the same favorable position that he would have been in had he filed an answer denying such allegations.

Perceiving no error in the record, we affirm the order appointing a receiver.

Mr. Chief Justice Whitford, Mr. Justice Moore and Mr. Justice Burke concur.